## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TYLER HODSON and ERIC MCGUIRL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Civil Action No. |
| | : | |
| AL ROKER ENTERTAINMENT, INC.; SPIKE TV; CABLE TV SHOW TITLED "DEA"; FILM and SOUND CREW MEMBERS, INDIVIDUALLY and THE ENTITY, CORPORATION or COMPANY BY WHICH THEY WERE EMPLOYED or HIRED; THE CITY of JERSEY CITY; JERSEY CITY POLICE DEPARTMENT; DRUG ENFORCEMENT AGENCY; DETECTIVE S. SANTANA, Jr.; TFO BRIAN GREENE; JOHN and JANE DOES, MEMBERS of LAW ENFORCEMENT; JOHN and JANE DOES, INDIVIDUALLY; and OTHER LAW ENFORCEMENT AGENCY or MEMBER WHOSE IDENTITIES ARE NOT PRESENTLY KNOWN | : | (Document Filed Electronically) |
| | : | |
| Defendants. | : | |
| | : | |

## NOTICE OF REMOVAL

TO:   CHIEF JUDGE AND JUDGES OF THE
      UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF NEW JERSEY

ON NOTICE TO:

      Deputy Clerk, Civil Division
      Superior Court of New Jersey, Hudson County
      William Brennan Courthouse
      583 Newark Avenue
      Jersey City, NJ 07306

Vincent J. D'Elia, Esquire
574 Newark Avenue
Jersey City, New Jersey 07306
*Counsel for Plaintiff*

PLEASE TAKE NOTICE that defendants Al Roker Entertainment, Inc. ("Al Roker") and

SPIKE TV[1], hereby remove this civil action, pending in the Law Division of the Superior Court

of New Jersey, Hudson County, Docket No. HUD-L-640-11, to the United States District Court

for the District of New Jersey, pursuant to 28 U.S.C. § 1441 and § 1446, and in accordance with

28 U.S.C. § 1331 and § 1367, on the following grounds:

## INTRODUCTION

1.      This action was commenced by plaintiffs Tyler Hodson and Eric McGuirl when

they filed their complaint in the Superior Court of New Jersey, Hudson County – Law Division,

on January 31, 2011, which is docketed at Docket No. HUD-L-640-11.

2.      On February 17, 2011, after counsel for Al Roker and SPIKE TV agreed to accept

service, plaintiffs sent the complaint, but no summons, by facsimile to counsel for Al Roker and

SPIKE TV.  *See* Exhibit A (true and correct copy of complaint and civil case information

statement received on February 17, 2011).

3.      Subsequently, on March 14, 2011, counsel for Al Roker and SPIKE TV received

a letter from plaintiffs' counsel, sent via certified mail, enclosing another copy of the complaint

as well as a summons dated March 9, 2011.  *See* Exhibit B (true and correct copy of

correspondence, complaint, and summons).

---

[1] SPIKE TV is not a corporate entity capable of being sued.  It is a programming service
of MTV Networks, which is a division of Viacom International Inc.  For purposes of this Notice
of Removal only, defendants assume that SPIKE TV is a proper defendant in this matter.

4.      Copies of all process and pleadings that have been received by Al Roker and

SPIKE TV are filed herewith.  *See* Exhibits A & B.  To date, Al Roker and SPIKE TV have not

been served with any orders entered by the New Jersey Superior Court.

5.      This Notice of Removal is being filed within thirty days after Al Roker and

SPIKE TV received a copy of plaintiffs' complaint through service or otherwise.  *See* 28 U.S.C.

§ 1446(b).

<strong>PLAINTIFFS' CLAIMS</strong>

6.       In addition to filing suit against Al Roker, SPIKE TV, and unnamed "film and

sound crew members" and their unnamed employers, plaintiffs' complaint names as defendants

the City of Jersey City, the Jersey City Police Department, the United States Drug Enforcement

Agency ("DEA"), two law enforcement officials, and a host of John Doe defendants

(collectively, the "law enforcement defendants").

7.      Plaintiffs allege that on January 29, 2009, the law enforcement defendants entered

the apartment of one of the plaintiffs, searched the premises, and arrested one of the plaintiffs,

purportedly without first obtaining a search warrant or arrest warrant, or having any other legal

basis for the search and seizure.  *See, e.g.*, Am. Compl. ¶¶ 13-18, 31, 32.

8.      Plaintiffs further allege that a film crew for Al Roker and SPIKE TV entered the

apartment with the law enforcement defendants and filmed the search and arrest.  *See id.* ¶ 19.

Plaintiff admittedly signed a "document" provided by the film crew's producer concerning the

filming in his apartment and stating that the plaintiff's image and voice would be "blurred" if

footage of him was broadcast.  *Id.* ¶¶ 20-22.

9.      The law enforcement defendants then took the plaintiff that had been arrested to

"a police facility, housed [him] in a detention cell, charged [him] with crimes, and then [took

3

him] to the county correctional facility," where he was incarcerated for nine days until he posted bail. *Id.* ¶¶ 31-32.

10.     Plaintiffs allege that the law enforcement defendants and the film crew returned to the apartment on March 6, 2009, and purportedly entered without permission and without a search warrant or arrest warrant. *See id.* ¶¶ 34-36. According to plaintiffs' complaint, the law enforcement defendants then allegedly handcuffed one plaintiff and searched the premises. *See id.* ¶ 37.

11.     Based on these allegations, plaintiffs have asserted claims against all of the defendants for violating "United States Code Title 42 Section 1983," committing "trespass and harassment," and falsely imprisoning them. *Id.* ¶¶ 59, 51, 63. Plaintiffs also assert separate claims against the law enforcement defendants for assault, unlawful detention, and "a tort." *Id.* ¶¶ 65, 67, 69.

### GROUNDS FOR REMOVAL

12.     The present lawsuit is removable from state court pursuant to 28 U.S.C. §§ 1331, 1367, and 1441.

13.     This Court has original jurisdiction over the claims in this case because plaintiffs' claim under 42 U.S.C. § 1983 raises a federal question. *See* 28 U.S.C. §§ 1331, 1441(a). Because that claim "aris[es] under the Constitution, treaties, or laws of the United States," it is removable. *Id.* § 1441(b). The entire case therefore may be removed. *See id.* § 1441(c) ("Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein . . . ."); *see also id.* § 1367 (providing for supplemental jurisdiction).

## CONSENT AND NOTICE

14.     Al Roker and SPIKE TV are the only defendants that have been served with original process in this litigation, and both defendants consent to the removal of this action. According to the docket, the remaining named defendants have not been served.

15.     Pursuant to 28 U.S.C. § 1446(d), all adverse parties are being provided with this Notice of Removal, and a copy of this Notice of Removal is being filed with the Deputy Clerk, Civil Division of the Superior Court of New Jersey, Hudson County.  *See* Exhibit C (true and correct copy of Notice of Removal to be filed in the Superior Court of New Jersey).

WHEREFORE, notice is given that this action is removed from the Law Division of the Superior Court of New Jersey, Hudson County, Docket No. HUD-L-640-11, to the United States District Court for the District of New Jersey.

Dated: March 18, 2011                    LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.


By:    */s/ Michael Berry*
       Michael Berry

2112 Walnut Street, Third Floor
Philadelphia, PA 19103
Phone:  (215) 988-9778
Fax:  (215) 988-9750
mberry@lskslaw.com

*Counsel for Defendants Al Roker Entertainment, Inc.
and SPIKE TV*

*Of Counsel:*

Cameron Stracher
LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.
321 West 44th Street, Suite 510
New York, NY 10036
Phone:  (212) 850-6100
Fax:  (212) 850-6299
cstracher@lskslaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I, Michael Berry, hereby certify that on this 18th day of March, 2011, I caused to be

served via email and Federal Express overnight delivery a true and correct copy of the foregoing

Notice of Removal upon the following counsel of record:


Vincent J. D'Elia, Esquire
574 Newark Avenue
Jersey City, New Jersey 07306
vjd@deliamccarthy.com
*Counsel for Plaintiff*




*/s/ Michael Berry*
Michael Berry